# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:07cr56

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>) | |
| v. ) | **O R D E R** |
| ) )<br>) | |
| REGGIE DEWAYNE JEFFRIES. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for a Writ of Mandamus [Doc. 47]; the Defendant's Motion for Judicial Notice [Doc. 48]; and the Defendant's Motion for Leave to Amend Judicial Notice [Doc. 49].

In his Motion for a Writ of Mandamus, the Defendant moves the Court to compel both his former defense counsel Janna D. Allison and Assistant United States Attorney Jill Westmoreland Rose to provide the Defendant with copies of his entire case file, including any attorney work product. For grounds, the Defendant states that such materials are required in order to assess whether post-conviction action is appropriate. [Doc. 48]. By way of a separate motion, the Defendant asks the Court to

take judicial notice that the "open file policy" practiced in this District, to the extent that such policy prevents a criminal defendant from gaining physical possession of discovery materials during pre-trial and post-conviction proceedings, violates Federal Rule of Criminal Procedure 16 and deprives the Defendant of due process. [Doc. 49]. In his third motion, the Defendant seeks to amend his motion for judicial notice to additionally assert that the open file policy further deprives the Defendant of meaningful access to the courts. [Doc. 49].

The federal mandamus statute upon which the Defendant relies provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. Mandamus relief may be awarded only when: "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." In re First Federal Sav. and Loan Ass'n of Durham, 860 F.2d 135, 138 (4th Cir.1988).

In the present case, it is clear that the Defendant's former counsel is not "an officer or employee of the United States" and thus the Court does not have jurisdiction to issue a writ of mandamus with respect to Ms. Allison. See Nelson v. Carter, No. CIA S-07-2207 GEB DAD P, 2008 WL 73092, at *1 (E.D. Cal. Jan. 4, 2008).

With respect to AUSA Rose, the Defendant has failed to show that he has a clear right to the discovery sought or that the Government is under any duty to provide the Defendant with discovery at this stage of the proceedings. While Rule 16 of the Federal Rules of Criminal Procedure creates a continuing duty on the part of the Government to disclose relevant documents, such duty exists only "before or during trial." See Fed. R. Crim. P. 16(c). Rule 16 does not create any duty on the part of the Government to engage in post-conviction discovery. Further, while Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for post-conviction discovery upon a showing of "good cause," there is no § 2255 petition pending in this case. As such, the provisions of Rule 6(a) are simply inapplicable. In any event, the Defendant has not made the requisite showing of good cause to justify such discovery.

Because the Defendant is not entitled to the discovery he seeks at this stage in the proceedings, regardless of the operation of the open file policy, the Court need not address the Defendant's arguments that such policy violates his due process rights or otherwise limits his meaningful access to the courts.

Accordingly, **IT IS, THEREFORE, ORDERED** that:

(1) Defendant's Motion for Leave to Amend Judicial Notice [Doc. 49] is **ALLOWED**;

(2) Defendant's Motion for a Writ of Mandamus [Doc. 47] is **DENIED**; and

(3) Defendant's Motion for Judicial Notice [Doc. 48] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 3, 2010

Martin Reidinger
United States District Judge